Robert Miles REIFF, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17578.

United States Court of Appeals Ninth Circuit.

Feb. 9, 1962.

Rehearing Denied May 18, 1962.

Robert Miles Reiff, in pro. per.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Jo Ann Dunne, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and ROSS, District Judge.

PER CURIAM.

This is an appeal from a judgment denying appellant's petition brought under Section 2255, Title 28 of the United States Code, after hearing was had in the district court on June 6th, 1961, at which petitioner was present.

Briefly, petitioner had alleged that his attorney had promised he would receive a suspended sentence or probation if he entered a plea of guilty; that his attorney had not made any effort on his behalf, particularly to obtain letters as

to his character and background; and, that there had been an abortive and unsuccessful attempt to bribe someone. The court below found that no false promises had been made by the attorney to the petitioner; that the petitioner had been informed of the violation and penalties provided by law for the offenses committed; that he was not promised any special treatment, nor probation, nor a suspended sentence. The court further found that petitioner's attorney had made substantial efforts on his behalf; that more than a usual number of persons interested in the appellant's case were heard by the court; and, because the court below had heavily relied in fixing sentence upon the report of the probation officer, that report should be, and was filed, as a part of the record. The court refused to hear evidence on Paragraphs IV, V, VII, IX and X of the petition relating to petitioner's attorney's alleged request for money to bribe the sentencing judge; and that the judge knew of the actions of the attorney in requesting monies; all of which were denominated scurrilous matter upon which the court refused to hear evidence. We note that nowhere is it asserted that such funds, or any funds, were supplied or promised to the attorney for petitioner by anyone.

Petitioner originally plead guilty to four counts. The four count information charged him with interstate transportation of four separate forged securities. At no time to the present has petitioner denied his guilt, but to the contrary, has, at each opportunity, affirmed it. On his present appeal, without the citation of any case law or of any statutes other than the Section 2255 under which he moves, he urges as error the following:

 First, that from February 21, 1961, until June 6, 1961, he was not granted a hearing in the court below on his petition. He had filed a second motion below, requesting that a judge other than the sentencing judge be assigned to hear his motion. This motion was denied by the Chief Judge of the District Court. His petition was then heard by the sentencing judge as the first order of business subsequent to the finish of an important criminal trial which had lasted several weeks.[1] Without citing authorities, appellant urges that this "delay" violated his constitutional rights. We do not agree.

As Chief Judge Hall ruled below:

"A proper hearing under the terms and provisions of 28 U.S.C. § 2255 means such a hearing as is consistently prompt with the other business of the court. It does not mean that the court must stop all other proceedings and vacate all the rest of its hearings, and defer all of its business, pending the hearing of such a petition."

And see McDonald v. United States, 9 Cir. 1960, 282 F.2d 737, 739, 740.

██ Petitioner's second point is that he was denied counsel. The record discloses he was denied only the appointment of counsel of his own choice. An indigent is given no absolute right to some particular counsel. Further, as the record discloses, the hearing on June 6th, 1961, related to factual matters only, and did not involve legal questions. The court below so found. (Tr. p. 23).

██ Petitioner's third ground is that the court did not subpoena all the witnesses which petitioner felt he was entitled to have heard at his hearing. This obviously presents a matter entirely within the discretion of the trial judge, and we will not disturb that discretion.

██ Petitioner's fourth point is that because the late Judge Tolin denominated certain paragraphs of the petition as "scurrilous," petitioner asserts that it is "evident that petitioner's motion for such relief that he was entitled to was pre-judged before the hearing." There is no basis in logic or law for such conclusion, nor is there any error in the court's ruling.

---

1. United States v. Carbo et al. No. 27973-C.D.

Petitioner has filed in this court a motion to continue the hearing of his appeal on the merits for sixty days. That motion is hereby denied.

Finding no merit in petitioner's appeal, that appeal is hereby dismissed.

Petitioner heretofore having been admitted to bail on his own recognizance pending this appeal by Mr. Justice W. O. Douglas, and said appeal being hereby terminated, we do not reach appellee's motion to set aside the order admitting appellant to bail.

The order for petitioner's admission to bail on his own recognizance is hereby terminated without prejudice to petitioner's reapplying for bail before this court.

It is directed that the mandate of the judgment of this court in this matter is effective immediately.