**Walter STEVENS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1755.**

Supreme Court of Alaska.

Sept. 20, 1973.

Olof K. Hellen, Asst. Public Defender, Juneau, Herbert D. Soll, Public Defender, Anchorage, for appellant.

**4**

William G. Mellow, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., John E. Havelock, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, and FITZGERALD, JJ.

## OPINION

RABINOWITZ, Chief Justice.

After trial by jury, appellant Walter Stevens was found guilty of the crime of assault with a dangerous weapon and sentenced to 10 years' imprisonment. In this appeal, appellant advances several grounds for reversal of his conviction and also attacks as excessive the court's imposition of the maximum sentence for the crime of assault with a dangerous weapon.

We first turn to appellant's assertion that there is insufficient evidence in the record to support a guilty verdict. The determinative events took place on an August 1971 evening on South Franklin Street in Juneau. According to the testimony of the victim, Raymond Johnson, the following transpired:

> Well, I walked past a couple of men who were looking at me and I looked back at them, and after I passed them I heard a noise behind me and I turned around and I saw one of the men with something in his hand. I pointed at his hand and I asked him 'What is that,' and then he hit me under the chin with it and turned around and ran off.[1]

Appellant claims he drew his knife in order to protect himself from Johnson. More specifically, he testified that Johnson had clenched one of his fists, pointed at the weapon, and said, "What is that"? Then, as Johnson walked toward him, appellant swung out, cutting Johnson under the chin.

■ Based on our review of the record, we find unpersuasive appellant's contention that the evidence in the case was inadequate to support his conviction. Viewing the evidence in the light most favorable to the state, we hold that the evidence was sufficient to support the jury's verdict of guilty.[2]

■ Appellant Stevens next asserts that the superior court erroneously denied his pre-trial motion for substitution of counsel. The basis of appellant's motion apparently was that he believed his attorney had spent insufficient time consulting with him and that he felt he was being denied other basic rights.[3] A review of the record of the hearing on appellant's motion for removal of his court-appointed counsel discloses no grounds for overturning the trial court's rejection of the motion.[4] None of the testimony presented at the pre-trial hearing supports the claim that appellant was denied effective assistance of counsel.[5] Furthermore, we decline to adopt appellant's argument that an indigent accused is entitled to assigned counsel of his choice regardless of his ability to establish that his counsel is rendering ineffective legal assistance. In this regard, in Knaub v. State, 443 P.2d 44 (Alaska 1968), we said that the right to court-appointed

---

1. Johnson also testified that prior to this stabbing incident he had never met appellant.

2. Beavers v. State, 492 P.2d 88, 97–98 (Alaska 1971); DeSacia v. State, 469 P.2d 369, 371 (Alaska 1970).

3. A brief catalogue of Stevens' dissatisfaction with his trial counsel includes the following:
   a. That his trial counsel said that Stevens was dangerous.
   b. That his trial counsel was unable to arrange for his bail through the Bureau of Indian Affairs or through Stevens' father.

4. The trial judge, in part, held that he was unable to find from the testimony that I

have heard, any basis for suggesting that Mr. Craddick is in any way prejudiced against this defendant, that he in any way lacks the competence to represent him and I find no basis for granting the motion for substitution of attorneys at this time.

5. Craddick tried but failed to arrange bail for Stevens through the Bureau of Indian Affairs. The B.I.A. has no funds which may be used for that purpose. Craddick apparently informed Stevens that he thought that a court would be unwilling to release him on his own recognizance, since it would probably consider him a danger to society and to himself.

counsel does not carry with it the right to select a particular attorney.[6]

Stevens further asserts two rather unusual grounds for reversal of his conviction. First, Stevens contends that the trial court "[s]hould closely scrutinize each of the decisions made by appointed attorney" once the trial court has been notified that the accused "is concerned with the quality of his representation and the court refuses to replace the appointed attorney." The gist of appellant's argument here is that the decision to have him take the stand to testify in his own behalf was ill-considered and that his counsel should have moved to strike certain testimony which he gave concerning his own mental state. From this appellant concludes:

> [T]hat because the Court failed to independently review the decisions of Walter Stevens' attorney when the Court was aware of a lack of trust on the part of Walter Stevens of his attorney, that the conviction should be vacated.

■ We decline to require the trial courts of this jurisdiction to intervene, to the extent urged by appellant, in the tactical decisions of defense counsel made during trial. The record in the case at bar does not disclose a lack of trust by appellant in his appointed counsel. Even if such a circumstance was apparent from the record, we would deem it inadvisable to require the trial court to scrutinize and independently review every important tactical decision made by trial counsel for the accused in the course of trial. Such a requirement would be contrary to the traditional office of trial judges in this jurisdiction and would inject a significantly disruptive factor into both the trial judge's and trial counsel's conduct of trials and the necessarily close attorney-client relationship.[7]

■ Stevens advances a parallel contention that the trial court in the case at bar should have protected "an emotionally troubled defendant from his own testimony by a cautionary instruction." More specifically, appellant argues that the trial court, on its own motion, should have instructed the jury that even though on direct examination appellant charactericized his mental state as "paranoid" and generally implied that he was mentally unbalanced, that his other testimony could still have been considered credible. As with appellant's claims relating to the trial court's duty to scrutinize his counsel's tactical decisions, we hold this contention devoid of merit.

Stevens' final point in this appeal is that the trial court's imposition of the maximum sentence of 10 years' imprisonment is an excessive sentence. In imposing sentence, the trial court stated in part:

> I repeat, Mr. Stevens, I have reached this judgment with great reluctance. It is seldom that I have the conviction that the imposition of the maximum sentence is imposed—should be imposed. But in this case the act, coming so close to taking the life of another man; the fact that the circumstances have happened in the past indicate to me that you are a person, at this stage of your life, are simply not capable of living safely in society without great risk of this kind of thing happening again.

Essentially, Stevens contends that he was denied a truly adversary sentencing hearing because his trial counsel failed to oppose imposition of the maximum term of imprisonment, and further failed to bring to the sentencing court's attention several

---

6. United States v. Davis, 365 F.2d 251, 254 (6th Cir. 1966); United States v. Hampton, 457 F.2d 299 (7th Cir. 1972); Reiff v. United States, 299 F.2d 366 (9th Cir. 1962), cert. denied, 372 U.S. 937, 83 S.Ct. 884, 9 L.Ed.2d 768.

7. *Cf.* Lanier v. State, 486 P.2d 981 (Alaska 1971). In Condon v. State, 498 P.2d 276, 285 (Alaska 1972), we noted that, "The cases generally are in agreement that an attorney's choice of defense theory ordinarily will not be subject to a claim of denial of effective assistance of counsel."

As to the standards for effective representation of counsel, *see also* Dimmick v. State, 473 P.2d 616, 618 (Alaska 1970); White v. State, 457 P.2d 650, 653 (Alaska 1969).

existing psychiatric reports which were "not really so negative" as the psychiatric report which was relied upon by the sentencing court.[8]

 Based on our study of the record of the sentencing proceeding, we conclude that in sentencing Stevens to the maximum term of imprisonment the trial court was not clearly mistaken.[9] We further hold that Stevens was not denied effective assistance of counsel in regard to the sentencing proceeding in question. On the other hand, we believe that a limited remand is appropriate in view of Stevens' assertions that the sentencing court did not have the benefit of several, then completed, psychiatric reports. Since the record we have is not dispositive of this assertion, we remand the case to the superior court for the limited purpose of affording the trial court the opportunity of considering this psychiatric material if it has not previously done so.

Appellant's conviction and sentence is affirmed and the case remanded in conformity with this opinion.

ERWIN, J., not participating.

---

8. During the sentencing proceedings, Stevens' counsel remarked, "I must accept the psychiatric opinion in this case because I have no reason to contradict it in my own mind."

9. State v. Chaney, 477 P.2d 441, 444 (Alaska 1970).