**Bruce Michael ADAMS, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 2105.**

Supreme Court of Alaska.

April 22, 1974.

Kenneth O. Jarvi, of Wanamaker, Dickson, Perry & Jarvi, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, and BOOCHEVER, JJ.

RABINOWITZ, Chief Justice.

In this sentence appeal Bruce Adams challenges the superior court's imposition of consecutive sentences providing for imprisonment for a total period of 11 years.

Approximately three years ago in December of 1971, Adams entered guilty pleas to two separate indictments which charged commission of burglaries in a dwelling. On the basis of these guilty pleas, the superior court suspended imposition of sentence on both convictions and placed Adams on probation for three years. One of the special conditions of Adams' probation required that he

apply for treatment under the Narcotic Addict Rehabilitation Program and, if accepted, remain in said program as a cooperative patient and complete the program in the manner prescribed by the Surgeon General or his designated agent.

Subsequently, the Division of Corrections petitioned to revoke Adams' probation on the ground that because of his uncooperative attitude and failure to complete the drug rehabilitation program, he had not complied with this special condition of probation.

The revocation petition came before then Superior Court Judge James Fitzgerald who entered an order deferring imposition of sentence on condition that Adams be incarcerated for a period not to exceed 30 days and upon the further condition

[t]hat a comprehensive rehabilitation plan be prepared by the Public Defender's office for submission to the Division of Corrections and to this court for approval. The plan shall include specific conditions of probation and shall be submitted to the defendant for approval and review prior to its submission to the court.

Thereafter, on August 3, 1972, Judge Fitzgerald entered a second order deferring sentencing in regard to the two burglary convictions. This order provided that imposition of sentence would be deferred until December of 1974, and, as a special condition of probation, adopted a rehabilitation plan which comprehended weekly group and individual therapy sessions and periodic urinalysis as part of the aftercare program of the Narcotic Addict Rehabilitation Program.

On June 13, 1973, a second petition to revoke Adams' probation was filed in superior court. In this petition, it was asserted that Adams

was informed by Dr. Aron S. Wolf of the Langdon Clinic that the defendant was terminated from the program as of May 3, 1973. The reasons given for termination were, unsatisfactory urinalysis, failing to attend group and individual counseling appointments and being poorly motivated for rehabilitation.

This second petition for probation revocation came before Superior Court Judge Kalamarides in August of 1973. In response to the petition, Adams admitted he had violated his probation and requested that he be given 30 days within which to gain reinstatement in the drug rehabilitation program. Adams was granted the 30 days but failed to return to the Langdon Clinic, committed two additional felonies while at liberty during this 30-day period, and failed to appear in superior court after expiration of the 30-day period as required. In October of 1973, Adams pled guilty to the two felonies he had committed during

the 30-day period. The superior court then sentenced Adams to concurrent four-year sentences for the recently committed offenses of burglary in a dwelling and larceny in a building. At the same time Adams received concurrent seven-year sentences on the two burglary in a dwelling charges to which he had entered guilty pleas in 1971. These concurrent seven-year terms of imprisonment were made to run consecutively to the four-year concurrent sentences. This appeal followed.

Adams argues that the judgments and commitments which were entered by the superior court should be vacated and the matter remanded for further proceedings because the cumulative sentences imposed are excessive, and for the further reason that the sentencing information upon which the superior court relied was both insufficient and inaccurate.[1] As to the sufficiency and accuracy of the sentencing data issue, Adams argues that he was sentenced without the benefit of pre-sentence or psychiatric reports, without knowledge of current parole board regulations regarding parole board policies as to consecutive sentences, and upon consideration of uncharged and unproven offenses.

In Robinson v. State, 484 P.2d 686, 690 (Alaska 1971), a 19-year old defendant received consecutive sentences totalling 22 years. On appeal, this court vacated the sentences and remanded for further sentencing proceedings because of the "absence of appropriate psychological and psychiatric evaluations, as well as knowledge of the parole board's policies and practices regarding a prisoner's eligibility for parole in the circumstances of consecutive sentences." Subsequent to our decision in Robinson, the appellant in Newsom v. State, 512 P.2d 557 (Alaska 1973), argued that his 15-year sentence should be vacated because he was sentenced without an adequate psychiatric evaluation. In rejecting this contention, we stated:

> An adequate psychiatric evaluation at the time of sentencing is extremely helpful to the sentencing judge. That is not to say, however, that a psychiatric evaluation is indispensible or necessary. More important than any single form of information about the convicted defendant is the general sufficiency and accuracy of that information in terms of the objectives of sentencing review.[2] (footnote omitted)

The state, in the case at bar, concedes that neither a formal psychiatric evaluation of Adams nor the usual form of pre-sentence report was available to the superior court at the time it imposed the consecutive sentences calling for 11-years' imprisonment.[3] The state argues, however, that the superior court was made fully aware of Adams' prior record, of the relationship between Adams' anti-social behavior and his addiction to drugs, of the several unsuccessful attempts to rehabilitate Adams without incarceration, and of the reasons why these drug rehabilitative efforts were not successful.[4]

1. In State v. Chaney, 477 P.2d 441, 443 (Alaska 1970), this court stated that in sentence appeal matters it will consider "the sufficiency and accuracy of the information upon which [sentencing] was based."

2. Newsom v. State, 512 P.2d 557, 562 (Alaska 1973). In *Newsom*, we found that an exhaustive pre-sentence report and the judge's awareness of the function of rehabilitation more than compensated for the absence of a psychiatric evaluation.

3. At the time the sentences in question were imposed, Crim.R. 32(c)(1) provided in part as follows:

When directed by the court the probation service shall make a pre-sentence investigation and report before the court imposes sentence or grants probation.

The rule has been amended effective July 1, 1974, so as to require the pre-sentence report in all cases.

4. In the superior court's file at the time of sentencing were letters from a staff psychiatrist of the NARA facility to which Adams had been committed, detailing his psychological unsuitability for that program, together with three separate reports setting forth the Langdon Psychiatric Clinic's experience with Adams over a period of approximately a year and one-half.

On this record we are persuaded by the state's argument and believe that this case is controlled by *Newsom* rather than *Robinson*. Review of the record supports the state's assertion that the sentencing judge was sufficiently and accurately informed of Adams' prior record, his psychological background, his drug addiction, and his previous rehabilitative failures. Thus, we do not find the absence of a pre-sentence report and a psychiatric evaluation to be a legitimate ground for vacating the sentences imposed in the case at bar.

We turn next to Adams' contention that the sentences should be vacated because "[n]o current authority reflects whether or not . . . Adams would be eligible for parole until after the 7 year sentence is served." As previously noted in *Robinson*, it is of considerable importance to the convicted defendant, the sentencing court, and this court on sentence review to know the parole board's policy regarding eligibility for parole in the context of consecutive sentences. Since publication of *Robinson*, Alaska's Parole Board has promulgated and published a manual entitled *Parole Standards*. These standards provide that:

> Any inmate, other than a juvenile delinquent who is serving a definite term, minimum of which is at least (181) one-hundred and eighty-one days whose record shows that he has observed the rules of the institution may in the discretion of the board be released on parole.[5]

The state points to the phrase "any inmate," as indicative of the parole board's intent to treat consecutive sentences as if they were a single sentence for the purpose of determining eligibility for parole. We construe the quoted standard to indicate a policy of the parole board not to differentiate between consecutive and single sentences for the purpose of parole eligibility determination. We therefore find that this ground does not furnish a basis for vacating the sentences imposed in the case at bar.

This brings us to Adams' contention that the sentences imposed in the case at bar should be vacated because they were based in part upon the trial court's consideration of uncharged and unproven offenses. Adams admitted to the lower court that he committed two felonies while on probation, and the prosecuting attorney at the sentencing proceedings brought to the superior court's attention facts concerning two additional offenses for which Adams had been indicted.[6] The prosecutor informed the superior court that "I'm ready and willing to support these allegations with witnesses that are in the courtroom . . . including police officers and citizens." At no time did Adams or his counsel object to the prosecutor's references to other offenses. In such circumstances, we believe that reference to the additional offenses was not error. We think the following language from Hixon v. State, 508 P.2d 526, 527 n. 1 (Alaska 1973), is controlling here:

> Galaktionoff v. State, 486 P.2d 919, 922–923 (Alaska 1972), is not intended to restrict the trial court from using verified information concerning additional crimes where the defendant is informed of the information and given an opportunity to explain or admit it.

Adams' final contention in this appeal is that the sentences imposed are excessive. In State v. Chaney, 477 P.2d 441, 444 (Alaska 1970), this court said that "we will make our own examination of the record and will modify the sentence if we are convinced that the sentencing court was clearly mistaken in imposing the sanc-

---

5. State of Alaska Board of Parole, Parole Standards ¶ 1 (January 27, 1973).

6. These indictments were dismissed after Adams was sentenced in the instant case. Additionally, the prosecutor referred to two other "possible cases which were not filed against defendant." No factual details were related. As to one offense, the prosecutor admitted that the evidence was insufficient to warrant conviction.

tion it did."[7] From our study of the record, we cannot say that the superior court was clearly mistaken in determining that the appropriate sanction in the circumstances of this case was consecutive sentences totalling 11 years' imprisonment with eligibility for parole to be determined by the parole board in its discretion.

The record in the case vividly demonstrates that Adams, an admitted heroin addict, has been unable to overcome his addiction and, in turn, does not possess the ability to conform his conduct to societal norms, despite the several opportunities which were granted him by the superior court.[8] Adams has admitted that he committed at least two felonies while on probation.

█ In holding that the sentences imposed in the case at bar are not excessive, we reject Adams' contention that Waters v. State, 483 P.2d 199 (Alaska 1971),[9] mandates reduction of the sentences in the case at bar. Adams' claim is that if a total sentence of 10 years in *Waters* was reasonable in the case of a drug addict who commits a crime of violence, then a comparable sentence is per se not reasonable for an addict who commits property crimes. While one of the purposes of sentence review is the elimination of sentence disparity by condemning both the excessive and the overly lenient sentence, absolute uniformity in the treatment of classes of offenses and offenders is not a proper objective of sentencing or of sentence review.[10] Certainly the imposition of a 10-year sentence in *Waters* does not in itself render the sentence imposed in *Adams* clearly erroneous. Sentencing is a discretionary function which in each convicted defendant's case is to be exercised in accordance with the criteria and goals this court enunciated in State v. Chaney. In light of the seriousness and the number of felonies committed by Adams, as well as the unsuccessful nature of past rehabilitative efforts, we cannot say that the sentences imposed in the case at bar were in conflict with the goals of

> rehabilitation of the offender into a non-criminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.[11]

The sentences entered by the superior court are affirmed.

FITZGERALD, J., not participating.

7. *See also* McClain v. State, Opinion No. 1016, 519 P.2d 811 (Alaska, 1974).

8. *See* Kriska v. State, 501 P.2d 159 (Alaska 1972).

9. In *Waters*, we upheld a 10-year sentence given an addict who was convicted of larceny in a building, unlawful sale of cocaine, and armed robbery. The cocaine offense was committed while Waters was on probation for the larceny in a building offense. The armed robbery occurred while he was awaiting trial on the drug offense.

10. *See* ABA Standards Relating to Appellate Review of Sentences, 29–31 (Approved Draft 1968).

11. State v. Chaney, 477 P.2d 441, 444 (Alaska 1970).