**William H. DAWSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2818.**

Supreme Court of Alaska.

Dec. 15, 1976.

———◆———

Robert B. Downes, Fairbanks, for appellant.

Harry L. Davis and Jane F. Kauvar, Fairbanks, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

**PER CURIAM.**

Dawson was convicted of the offense of assault with a dangerous weapon. He received a sentence of five years imprisonment.[1] In this appeal he asserts that the sentence is excessive.

Dawson argues that he has no previous felony convictions, that the assault was committed while he was in an emotionally pent-up state, that no serious harm was inflicted on the victims, and that the trial court erred in finding appellant to be the worst type of offender within his class. *See Donlun v. State,* 527 P.2d 472, 474–75 (Alaska 1974).

In response the state points out that Dawson, being upset by statements he believed the victim, Carrie Harper, had made about him, went to his house to get his gun, loaded it, and went out again, saying that he would kill Carrie Harper. Not long thereafter he stopped the Harper vehicle, exchanged profanities with the occupants, and then fired five shots into the car, causing physical injuries to Carrie Harper and to her husband. In short, the shooting was premeditated and unprovoked.

In light of these circumstances, the trial court found no evidence that a prison sentence was necessary to further the sentencing goals of rehabilitation and isolation, since Dawson was a first offender. But the trial court also found that incarceration was necessary in order to deter Dawson and others from engaging in such conduct. The gravity of the conduct was also considered as an important factor in determining the sentence.[2]

We have previously observed that assaults with dangerous weapons are viewed in Alaska law as among the most serious

1. Under AS 11.15.220, this offense carries a maximum possible imprisonment of ten years.

2. The trial judge remarked at sentencing: "A maximum penalty in this case would be 10 years. If Mr. Dawson had the type of record that showed he had a propensity for violence I'd have no hesitation at all to impose a 10 year sentence. The American Bar Association and our Supreme Court has recommended that unless there are particularly outrageous situations or unless there is a past record involved that sentences not be in excess of 5 years. I think that this is probably an outrageous situation that would justify a sentence in excess of 5 years, that would stand up on appeal, but I feel that since it is a first offense that the American Bar Association recommendation and our Supreme Court one is a good one."

crimes. *State v. Armantrout*, 483 P.2d 696, 698 (Alaska 1971). When this offense has been committed under aggravated circumstances we have sustained sentences calling for a substantial period of incarceration. *Stevens v. State*, 514 P.2d 3, 6 (Alaska 1973) (10 years); *Nielsen v. State*, 492 P.2d 122 (Alaska 1971).

Reviewing this sentence under the standards set forth in *Donlun v. State*, 527 P.2d 472 (Alaska 1974), *Asitonia v. State*, 508 P.2d 1023 (Alaska 1973), and *State v. Chaney*, 477 P.2d 441 (Alaska 1970), we are not convinced that the trial court was clearly mistaken in imposing the sentence upon appellant.

AFFIRMED.