**Michael D. CREED, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 3638.

Supreme Court of Alaska.

Feb. 3, 1978.

Mark R. Moderow, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., and Joseph D. Balfe, Dist Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

PER CURIAM.

After his plea of guilty to attempted robbery (AS 11.15.240)[1] and nolo contendere to the crime of shooting with intent to kill, wound and maim (AS 11.15.150),[2] Michael Creed was found guilty of those crimes. The court sentenced Creed to serve five years for the crime of attempted robbery and ten years for the crime of shooting with intent to kill, wound or maim, with the sentences to run concurrently. Because of

---

1. AS 11.15.240 provides:
    *Robbery.* A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by

imprisonment in the penitentiary for not more than 15 years nor less than one year. AS 11.05.020 provides, in part, that an attempt may be punished by a term of imprisonment not more than half the longest period prescribed as punishment for the crime.

2. AS 11.15.150 provides:
    *Shooting, stabbing or cutting with intent to kill, wound or maim.* A person who maliciously shoots, stabs, cuts, or shoots at another person with intent to kill, wound, or maim him is punishable by imprisonment in the penitentiary for not more than 20 years nor less than one year.

the defendant's age, 19, the court added the proviso that he was to be eligible for parole at any time.[3] Creed seeks review on the length of the two sentences.

From the facts indicated in the pre-sentence report, it appears that Creed shot a grocery store clerk five times. When Creed was then unsuccessful in opening the cash register, he threatened to shoot the clerk again if the clerk did not furnish instructions for opening the safe. After receiving the instructions, Creed took money from the cash register.

The concurrent sentences imposed were considerably under the maximum provided for in the statutes.

Although Creed had no prior criminal convictions,[4] we have frequently held that violent crimes involving physical injury to innocent people are to be regarded as our most serious offenses and are not to be treated lightly.[5]

We conclude that the trial court was not clearly mistaken in imposing the sentences. *McLain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

AFFIRMED.

---

**3.** We note, however, that AS 33.15.080 provides that no prisoner may be released on parole who has not served at least one-third of the period of confinement to which he has been sentenced.

**4.** Creed does have a history of drug dependence, and on the evening in question, he ingested both alcohol and drugs.

**5.** *Ames v. State*, 533 P.2d 246, 250 n. 8 (Alaska 1975), *cited in Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977); *see also, Dawson v. State*, 557 P.2d 142, 142–43 (Alaska 1976); *State v. Armantrout*, 483 P.2d 696, 698 (Alaska 1971).