Robert Eide BROWN, Appellant,

v.

STATE of Alaska, Appellee.

No. 3484.

Supreme Court of Alaska.

May 19, 1978.

James E. Douglas, Fred J. Baxter Law Offices, Juneau, for appellant.

Daniel W. Hickey, Chief Prosecutor, Larry Weeks, Dist. Atty., and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

CONNOR, Justice.

This is a sentence appeal. Defendant Robert Eide Brown pleaded guilty to the charge of attempted robbery[1] and was sentenced to ten years imprisonment.[2] He appeals from this sentence on the grounds that it is excessive and that the sentencing judge did not have the benefit of a recent psychological evaluation.[3] The pertinent facts can be summarized as follows.

At approximately 11:30 p. m. on October 2, 1976, Brown and a partner approached the Valley Liquor Mart as Mr. Parsons, an employee, was locking up for the evening. The two men were wearing ski masks and Brown's partner was carrying a .22 caliber automatic pistol. They forced Parsons to reenter the store and Brown's partner told Parsons to give them the money or he would "blow [Parsons'] head off." Once inside the store, Brown remained near the doorway, keeping a lookout. Parsons was unable to open the safe, but he turned over the change from the cash register. Parsons attempted to take the gun away from Brown's partner. In the ensuing scuffle Parsons was shot in the right shoulder, the

---

1. AS 11.15.240. Two other charges, use of a firearm during the commission of certain crimes (AS 11.15.295) and assault with a dangerous weapon (AS 11.15.220) were dismissed.

2. AS 11.05.020 provides that the penalty for attempted crimes is one-half of the term prescribed in the particular offense. AS 11.15.240 carries a maximum penalty of 15 years, sub-

jecting Brown to a maximum term of 7½ years for attempted robbery. However, because Brown has a prior felony conviction, he is subject to the enhanced penalty provision of AS 12.55.050(1). The maximum sentence he could have received, therefore, was 15 years.

3. AS 12.55.120(a).

bullet piercing both lungs. The defendants fled the scene after the shooting and Brown returned to his residence. He was arrested on October 17, 1976.

Brown later testified that the robbery was planned a few days before it occurred, in order to obtain money to satisfy Brown's drug related debts. At the time of the offense Brown was on probation, having been released from jail some six weeks earlier following a previous conviction for the sale of drugs.

Brown had a history of 19 prior convictions, arising from 13 separate incidents. These convictions were primarily for driving offenses, with 11 occurring within a five month period in 1973. Although he had one prior felony conviction,[4] Brown's record was devoid of previous crimes of violence. As a youth, Brown had spent time at McLaughlin Youth Center on three occasions, as well as time at the Federal Youth Center in Colorado. At the time of sentencing, Brown was 22 years old and had spent 5 out of the last 7 years in institutions, with poor records in all of them.

In arriving at his sentence, the trial judge had before him two probation officers' presentence reports, as well as testimony from Brown and a counselor from the Alcoholism Central Agency. Additionally, one of the reports set forth information acquired from a psychiatrist who had seen Brown on one occasion in 1973.[5] At the sentencing hearing, Brown requested that the court discount the psychiatrist's remarks, primarily because they were outdated. The judge indicated that the remarks had not made a particular impact on him and specifically stated that he would disregard the psychiatrist's remarks in arriving

at his final decision. Although the presentence report recommended a 10-year sentence, including time in a drug treatment program,[6] the judge stated that "[r]ehabilitation does not appear . . . to be the primary objective of sentencing in this case."

■ We think that a sentence of ten years imprisonment is not excessive, and thus, not clearly mistaken,[7] given the circumstances of this case and what can be gleaned from the record on appeal. Furthermore, Brown's argument that the court should not have imposed sentence without the benefit of a recent psychiatric or psychological evaluation is unpersuasive.

■ The state argues that supplementary psychological evaluation was unnecessary because the court had sufficient information on Brown's background and psychological problems, particularly since Brown had been through many efforts at rehabilitation. Additionally, Brown did not object to the absence of a psychological or psychiatric report, nor did he move to continue the sentencing hearing until such data could be obtained. He specifically objected to the inclusion of an available but older psychiatric report. Further, Brown does not indicate how current psychological evaluation would yield any more insight into his problems beyond that information already before the court at sentencing.

Although in some sentence appeals we have remanded the case to the sentencing court for psychiatric evaluation and reconsideration of the sentence,[8] in others we have held that such evaluations are not indispensable, and their absence does not

---

4. The prior felony conviction was for the sale of hallucinogenic, stimulant or depressant drugs. (AS 17.12.010)

5. The presentence report also indicated that Brown had attempted suicide while he was incarcerated in December, 1976.

6. Brown was accepted into the Future House program.

7. *State v. Chaney,* 477 P.2d 441 (Alaska 1970), requires that the sentence not be reversed on appeal unless an independent examination of

the record indicates that the trial court was "clearly mistaken" in imposing the sentence.

8. *See Andrews v. State,* 552 P.2d 150, 154 (Alaska 1976); *Tommy v. State,* 551 P.2d 179, 180 (Alaska 1976); *Davenport v. State,* 543 P.2d 1204, 1211 (Alaska 1975); *Hawthorne v. State,* 501 P.2d 155, 158 (Alaska 1972); and *Robinson v. State,* 484 P.2d 686, 689–90 (Alaska 1971).

always necessitate setting aside the sentence.[9]

> "Thus, where the sentencing court is fully aware of the defendant's personal and psychological background and takes these factors into account in arriving at a sentence which comports with the proper goals of sentencing, this court need not remand for the purpose of obtaining a current psychological evaluation of the defendant."

*Walton v. State,* 568 P.2d 981, 984 (Alaska 1977). Based upon the record before us, it is difficult to imagine what might be revealed by further psychological evaluation and testing that could substantially alter the sentence imposed. Therefore, even though the sentencing court did not have the most current psychological data before it at the time of sentencing, the information the court did have was sufficient to enable it to pass sentence. *See Walton v. State, supra,* at 984; *State v. Chaney,* 477 P.2d 441, 443 (Alaska 1970).

AFFIRMED.

---

**9.** *See Adams v. State,* 521 P.2d 516, 518–19 (Alaska 1974); and *Newsom v. State,* 512 P.2d 557, 562–63 (Alaska 1973).