**Oscar John ALPIAK, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 3834.

Supreme Court of Alaska.

July 28, 1978.

Dana Fabe, Asst. Public Defender, and Brian C. Shortell, Public Defender, Anchorage, for appellant.

Richard J. Ray, Asst. Dist. Atty., Kodiak, Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

OPINION

RABINOWITZ, Justice.

After over twelve hours of heavy drinking, appellant Oscar Alpiak was positioned with a shotgun on the strand between Old Karluk and New Karluk in the early morning hours of August 21, 1977. Alpiak's cousin, Theodore Ambrosia, and Ambrosia's fiancee, Eunice Naumoff, were walking along the trail toward New Karluk at about 2:30 a. m. Suddenly, Alpiak came toward the couple and shot Ambrosia in the upper right quadrant of his chest. Alpiak told Ambrosia, "I should just finish you off." Naumoff struggled with Alpiak over the

gun but he prevailed and forced her at gun point to accompany him to his house and to have sexual intercourse with him. In the meantime, Ambrosia, who had been abandoned, drowned in a nearby tidal area.

After pleading guilty to manslaughter in violation of AS 11.15.040,[1] Alpiak was sentenced to a term of ten years imprisonment with a recommendation that he receive alcoholism treatment. Alpiak complains that the superior court's sentence is excessive because of the court's failure to give proper weight to the goal of rehabilitation.

At the time of sentencing, Alpiak was 23 years old and had no previous convictions. The superior court had before it both a presentence report and a psychiatric evaluation. Both documents noted that Alpiak has had a severe drinking problem for the past several years, and both suggested that the court recommend treatment for Alpiak's alcoholism. In sentencing Alpiak to a term of ten years imprisonment, the superior court specifically recommended that Alpiak be given alcoholism treatment.

█ In *Capwell v. State,* 568 P.2d 10, 11 (Alaska 1977), we noted that the sentencing court had clearly given weight to the penal goal of rehabilitation by recommending psychiatric treatment for Capwell in addition to incarceration. Similarly, we are persuaded that in the case at bar the superior court did not ignore the goal of rehabilitation.[2]

█ This does not end our inquiry, however, since we must decide not only whether weight was given to the goal of rehabilitation but whether the weight given was sufficient. In making this determination, we apply the standard of review for sentence appeals which is whether the trial court's imposition of sentence was "clearly mistaken." *Clearly v. State,* 548 P.2d 952, 954 & n. 8 (Alaska 1976). It is for the sentencing judge to determine the priorities and relationships among the *Chaney* criteria: rehabilitating the offender, isolating the offender from society, deterring the offender and others similarly situated, and reaffirming societal norms.[3]

Although the sentencing court recognized the need to provide treatment for Alpiak's alcohol problem, it also gave weight to the gravity of the offense. In *Creed v. State,* 573 P.2d 1379, 1380 (Alaska 1978), we affirmed a ten year sentence for the crime of shooting with intent to kill, wound or maim which was made to run concurrently with a five year term for attempted robbery. Creed was nineteen and shot a grocery store clerk five times during an attempt to rob the store. In affirming, we noted:

Although Creed had no prior criminal convictions, we have frequently held that violent crimes involving physical injury to innocent people are to be regarded as our most serious offenses and are not to be treated lightly.[4] (footnote omitted)

Like Creed, Alpiak had no prior convictions. Creed had a history of drug dependence and had ingested alcohol and drugs on the eve-

---

1. AS 11.15.040 provides:
   *Manslaughter.* Except as provided in [AS 11.15.010–030], a person who unlawfully kills another is guilty of manslaughter, and is punishable by imprisonment in the penitentiary for not less than one year nor more than 20 years.

2. The superior court, after recognizing that rehabilitation was one of the criteria articulated in *State v. Chaney,* 477 P.2d 441 (Alaska 1970), failed specifically to discuss its relevance to Alpiak's sentence. While we think the preferred procedure is for the sentencing court to discuss each criterion in order to impress upon the defendant the considerations that went into the shaping of his sentence and to better facilitate our evaluation of the sentence's correctness on appeal, we have not held that the trial court is required to do so. As we said in *Evans v. State,* 574 P.2d 24, 26 (Alaska 1978):
   The trial court need not recite the goals of sentencing as long as it is clear that it has considered those goals.

3. *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970). *See Parks v. State,* 571 P.2d 1003, 1005 (Alaska 1977); *Nicholas v. State,* 477 P.2d 447, 448 (Alaska 1970).

4. *Ames v. State,* 533 P.2d 246, 250 n. 8 (Alaska 1975), *cited in Mutschler v. State,* 560 P.2d 377, 381 (Alaska 1977); *see also Dawson v. State,* 557 P.2d 142–43 (Alaska 1976); *State v. Armantrout,* 483 P.2d 696, 698 (Alaska 1971). (footnote in original)

ning of his crimes;[5] similarly, Alpiak had a history of chronic alcoholism and had been drinking heavily prior to shooting Ambrosia. Furthermore, because of Alpiak's actions an innocent person died—a result even more serious than the consequences of the injuries inflicted by Creed. Given these factors, we think the superior court properly concluded that the nature of Alpiak's crime called for significant sanctions.[6]

■ The crime of manslaughter carries a maximum penalty of 20 years.[7] Upon review of the record, we do not believe the superior court was clearly mistaken in imposing 10 years incarceration with a recommendation of alcoholism treatment. We are not persuaded that the sentence is excessive or that the superior court failed to give proper weight to rehabilitation in shaping the sentence.

Affirmed.

---

**5.** *Creed v. State,* 573 P.2d 1379, 1380 n. 4 (Alaska 1978).

**6.** In *Abraham v. State,* 566 P.2d 267, 272 (Alaska 1977), we concluded that a one-year sentence for manslaughter was too lenient:

> We are of the further belief that a sentence of 1-year confinement for the taking of a human life in a most brutal manner does not serve to effectuate the goals of deterrence and respect for the laws of Alaska.

The superior court, in sentencing Alpiak, referred to *Abraham* and determined that the need for significant sanctions was an important consideration in this case because a homicide had been committed.

See also *Sumabat v. State,* 580 P.2d 323 (Alaska, 1978). There, we remanded for reduction of appellant's twelve year sentence for manslaughter. In our view, Sumabat's sentence was excessive in light of the circumstances of the offense, appellant's lack of any prior criminal record, and the sentencing objectives enunciated in *Chaney, supra.*

**7.** *See* note 1, *supra.*