Thomas ANNAYOC, Appellant,

v.

STATE of Alaska, Appellee.

No. 3704.

Supreme Court of Alaska.

Feb. 23, 1979.

John D. Van Winkle, Jr., Larson, Timbers & Van Winkle, Nome, for appellant.

Robert C. Bundy, Asst. Dist. Atty., and George W. Edwards, Dist. Atty., Nome, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

This is a sentence appeal.

Defendant pleaded guilty to the offense of negligent homicide in violation of AS 11.15.080. The superior court imposed a

sentence of ten years' imprisonment.[1] The judgment provided for parole at the discretion of the parole board, and contained recommendations that the defendant receive all necessary medical, psychiatric and psychological treatment while in prison, and that the defendant be placed in an alcohol rehabilitation program.

We note that the trial court, at sentencing, had before it various psychiatric and psychological reports, the appropriate presentence report,[2] and a number of statements of witnesses which had been gathered in the investigation of the case by both the police and by the defense. Additionally, certain witnesses, some of them relatives of the defendant, testified in open court at the sentencing proceedings, as did the defendant.

The record shows that the defendant was eighteen years old at the time of the offense. Several months before the commission of the instant offense, he had been convicted of malicious destruction of property, consisting of numerous tire slashings in the community of Nome, Alaska, totalling $2,100.00 in damage.

In the past, the defendant has had episodic problems with alcohol. During the several months before the killing his drinking became more frequent and he suffered from depressive feelings and suicidal impulses. On the day of the killing for which he has been convicted, the defendant had been drinking. In the evening, he made a number of emotionally charged telephone calls to various persons. He called the police and asked to be arrested. The police came to his home, observed him to be apparently depressed, but saw no reason to take him into custody. Later he was seen in a public place having a heated argument with an uncle, Dennis Pikonganna. Dennis Pikonganna thereafter returned to his residence, which he shared with the defendant. Defendant went to the home of another uncle, procured a shotgun, and went to his own residence. Shortly after he entered, he shot the victim, Dennis Pikonganna, and was seen running from the residence about one minute later, carrying the shotgun. Defendant hid the shotgun under the house of the uncle from whom he had borrowed the shotgun. He was able to evade the police for about three hours. After he was apprehended he stated that he was attempting to commit suicide, but killed his uncle by accident.

Defendant contends that the sentence is excessive, given his age, the nature of the offense, and the considerable progress he made in getting his emotional problems under control after his arrest for this offense. There is favorable evidence that, while awaiting disposition of this case, defendant obtained a work release, found employment, and paid the entire $2,100.00 in restitution for the damage done by his previous offense. The trial court found that the defendant was genuinely remorseful, and that he was cooperative with persons who were trying to aid in his rehabilitation.

Despite defendant's positive gains in coping with his problems, the trial court found, on solid evidence, that defendant still had serious problems because of depressive tendencies which, together with alcohol abuse, rendered him destructive of himself, other persons, and property, and that his rehabilitation was far from complete.

In seeking the appropriate balance among the criteria set forth in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), the trial court concluded that rehabilitation of the offender, reaffirmation of societal norms, and isolation of the offender from the community required a substantial sentence. The sentence imposed was within the range of sentences which we have approved in cases admittedly distinguishable in various respects, but roughly comparable as to the gravity of the offense. See *Alpiak v. State*, 581 P.2d 664 (Alaska 1978); *Halverson v. State*, 573 P.2d 1380 (Alaska 1978); *Gullard v. State*, 497 P.2d 93 (Alaska 1972); Erwin, *Five Years of Sentence Review in Alaska*, 5 U.C.L.A.—Alaska L.Rev. 1, at 5–6 (1975).

1. AS 11.15.040 permits a sentence of one to twenty years' imprisonment for this offense.

2. The presentence report recommended a sentence of ten years' incarceration.

While we might not have imposed the same sentence, were we sitting as trial judges, we are unable to say from a review of the record that the trial court in imposing sentence was clearly mistaken. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

AFFIRMED.