Wallace CREER, Appellant,

v.

STATE of Alaska, Appellee.

No. 4180.

Supreme Court of Alaska.

Oct. 5, 1979.

Frank D. Rothschild, Asst. Public Defender, Juneau, Brian C. Shortell, Public Defender, Anchorage, for appellant.

James Hanley, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

Wallace Creer and Greg Love argued on the streets of downtown Juneau. Creer pulled a gun and shot Love in his legs. Wallace Creer pled nolo contendere to a charge of assault with a dangerous weapon, AS 11.15.220. He was sentenced to five years in prison and appeals the sentence as excessive.

Creer's argument is a generalized claim that the judge made an overly-harsh assessment of his personality and of the assault itself, and that this resulted in an excessive sentence. He also argues that the sentence is overly severe in comparison to others.

Neither claim has substantial merit. Our review of the sentencing transcript makes it abundantly clear to us that in imposing the sentence, Judge Stewart took into consideration Creer's perspective of events on the day of the crime.[1] The argument made to this court was thoroughly explored before the trial court. Creer's own characterization of his conduct was that it was "a bit extreme." Whether he felt threatened by his victim and his response was appropriate in his own mind, he behaved in a manner completely unjustifiable under the law of this state. Sentencing must be based on the facts of the particular offense involved and the history of the indi-

---

1. Creer felt that Love, his victim, had been harassing him. He determined that he would stop associating with Love. On the morning of March 7, 1978, he was explaining to Love his desire to avoid future contact with him, and the discussion escalated into an argument. The argument had broken off when Creer's newly-acquired dog ran into the street, possibly because of something Love had done. The dog was struck by a car. Creer, who has a documented affection for animals and was particu- larly upset at the injury to his new pet, confronted Love and told him he would be held responsible for any financial damage. Mr. Creer than began to feel, based on Love's stance and attitude, that Love might have a gun. Mr. Creer then drew his pistol and shot Love.

Counsel stresses these allegedly mitigating circumstances as well as Creer's paranoia and learned responses and behavior patterns from an upbringing in a ghetto environment.

vidual defendant.[2] Comparison with other sentences is not determinative of the merits of a particular sentence appeal, nor does such a comparison indicate that in this case the result is disproportionate, although it is higher than the statistical norm.[3]

The sentence is AFFIRMED.

---

2. *Bell v. State*, 598 P.2d 908 (Alaska 1979); *Padie v. State*, 594 P.2d 50 (Alaska 1979); *Johnson v. State*, 580 P.2d 700 (Alaska 1978); *Ames v. State*, 533 P.2d 246 (Alaska 1975); *Nicholas v. State*, 477 P.2d 447 (Alaska 1970).

3. The mean term imposed during 1974–76 was 15.4 months; the median only four months. *See* Alaska Felony Sentencing Patterns, A Multivariate Statistical Analysis (1974–1976), Table I (1977). Given the variety of weapons available and the multitude of circumstances in which the assault arises, these figures are not of much help for comparative purposes. Similar sentences have been affirmed. *See, e. g., Menard v. State*, 578 P.2d 966 (Alaska 1978); *Dawson v. State*, 557 P.2d 142 (Alaska 1976); *Bailey v. State*, 548 P.2d 373 (Alaska 1976). Creer's record includes six misdemeanor convictions, two for battery and one for brandish-

ing a weapon. Psychological evaluations indicate that he is somewhat paranoid and impulsive. He is obviously, on the basis of his record, these evaluations, and this incident, a serious threat to community safety. Neither the sentencing judge nor this court found Creer's post-incarceration behavior of significance in reaching such a conclusion.