Robert F. WIRE, Appellant,

v.

STATE of Alaska, Appellee.

No. 5189.

Court of Appeals of Alaska.

Dec. 11, 1980.

---

James H. Cannon, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Steven J. Call, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

PER CURIAM.

Robert F. Wire was convicted on his plea of no contest to a charge of assault with a dangerous weapon.[1] The charge arose from an incident in which Wire struck another person in the face with a beer bottle, inflicting substantial injuries. Wire was sentenced to serve five years' imprisonment, and on appeal he contends this sentence is excessive.

█ Two principal arguments are advanced on appeal. Wire first argues that a beer bottle is inherently far less dangerous than a gun or knife, weapons which are typically involved in charges of assault with a dangerous weapon, and that the actual injuries inflicted here were not life–threatening, as they might have been had a gun or knife been used. From this, Wire concludes that his offense must be considered substantially less serious than a typical case of assault with a dangerous weapon, and he urges that his five–year sentence is well beyond the range appropriate for a relatively minor assault.

Wire's argument is, however, incompatible with basic sentencing principles:

> Sentencing must be based on the facts of the particular offense involved and the history of the individual defendant. Comparison with other sentences is not determinative of the merits of particular sentence appeals . . . .[2]

It is precisely because a court must base its sentence in each case on the specific offense and the individual offender before it that the use of abstract concepts such as the inherent danger of the defendant's weapon is a matter essentially irrelevant to the sentencing process. For the same reason, comparison with sentences imposed in other cases is not determinative.

Our review of the record convinces us that the sentencing judge carefully considered all relevant information dealing with the commission of this offense and with the history of the offender, Wire.[3] Before imposing Wire's sentence, the court

---

1. *See* former A.S. 11.15.220. This statute provided for a maximum jail sentence of ten years.

2. *Creer v. State*, 600 P.2d 1095, 1095–96 (Alaska 1979). *See also Coleman v. State*, 621 P.2d 869, 886, n. 31 (Alaska, October 10, 1980); *Walls v. State*, 598 P.2d 949, 951 (Alaska 1979).

3. Wire's assault was premeditated and unprovoked. It resulted in substantial physical injury to an innocent person who had no warning of the attack or opportunity to defend himself from it. Though Wire is a highly decorated Vietnam war veteran with an outstanding military record, he has had constant troubles with the law since his departure from the military almost ten years ago. When this offense was committed Wire was on probation from a conviction for assault with a dangerous weapon occurring less than two years before. The conviction here is Wire's eighth within the past six years and his third felony. As the sentencing court noted, Wire has served numerous jail sentences, ranging from several days to more than six months, and he has twice been hospitalized for psychiatric treatment, all without indication of progress or rehabilitation. Though Wire has a severe problem with alcoholism and most of his offenses were alcohol related, his motivation to seek treatment was questionable at the time of sentencing. Wire's psychiatric evaluation concluded that he had an explosive personality and was a danger to himself and others; his prognosis was given as "fair, at best".

Given these circumstances, Wire's sentence is in keeping with the reasoning of prior cases upholding substantial sentences where assaults have resulted in injuries to innocent people, where they have been planned or premeditated, or where the defendant has had a prior criminal record or has otherwise demonstrated an inability or unwillingness to undertake meaningful efforts toward rehabilitation. *See, e.g., Coleman v. State, supra,* 621 P.2d at 884–886; *Richards v. State,* 616 P.2d 870 (Alaska 1980); *Kraus v. State,* 604 P.2d 12, 13 at n. 5 (Alaska 1979); *Creer v. State, supra,* 600 P.2d at 1095 96; *Sielak v. State,* 581 P.2d 226, 228 (Alaska 1978); *Creed v. State,* 573 P.2d 1379, 1380 (Alaska 1978). *Walton v. State,* 568 P.2d

appropriately assessed this information in light of applicable sentencing goals.[4] We therefore conclude that the sentencing court was not clearly mistaken in imposing a five–year sentence for this offense.

■ We turn next to Wire's second argument, which is that the sentencing court did not have adequate psychiatric information available to it. A psychiatric report was prepared in this case specifically for the purpose of sentencing; nonetheless, Wire maintains that it was error for the court to sentence him without obtaining additional records of two instances when he had previously been hospitalized briefly for psychiatric care.[5]

Wire has raised this argument for the first time on appeal.[6] Significantly, no offer of proof or argument has been advanced to indicate what the records of Wire's psychiatric commitment might show or how they could affect his sentence, and from the present state of the record it appears to us to be highly unlikely that these records could justify any alteration of Wire's sentence.[7] The lower court had before it substantial and current psychiatric data, which was augmented by a professional evaluation of Wire's alcoholism. This information put the court in the position of being fully aware of Wire's psychological difficulties, of his alcohol problem and of his need for treatment and therapy; the sentence imposed made adequate provision for these needs to be dealt with.[8]

Given these circumstances, we are compelled to find that the psychiatric informa-

981, 983 (Alaska 1977); *Dawson v. State*, 557 P.2d 142 (Alaska 1976).

4.  *See State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

5.  The standard for determining the adequacy of psychiatric information has recently been summarized as follows:

    When the sentencing judge is aware of and properly considers the defendant's psychological background and needs, we will not remand the case for additional psychiatric evaluation.

    *Good v. State*, 590 P.2d 420, 423 (Alaska 1979). In a number of cases, the Alaska Supreme Court has found that information available to the sentencing court was adequate. *See, e.g., Good v. State, id.; Marsden v. State*, 589 P.2d 863 (Alaska 1979); *Brown v. State*, 578 P.2d 982, 983–84 (Alaska 1978); *Walton v. State*, 568 P.2d 981, 983–84 (Alaska 1977); *Adams v. State*, 521 P.2d 516, 518–19 (Alaska 1974); *Newsom v. State*, 512 P.2d 557, 562–63 (Alaska 1973). In other sentence appeals, however, the court has reversed and remanded for consideration of additional psychiatric information. *See, e.g., Andrews v. State*, 552 P.2d 150, 154 (Alaska 1976); *Tommy v. State*, 551 P.2d 179, 180 (Alaska 1976); *Davenport v. State*, 543 P.2d 1204, 1211 (Alaska 1975); *Hawthorne v. State*, 501 P.2d 155, 158 (Alaska 1972); *Robinson v. State*, 484 P.2d 686, 690 (Alaska 1971). For a discussion explaining and distinguishing these two groups of cases, *see Walton v. State, supra*, 568 P.2d at 984–85.

6.  Wire's failure to raise the argument below puts him in the position of maintaining, in effect, that the court was required to act *sua sponte* to obtain his prior hospital records. Failure to object to the adequacy of psychiatric information before the sentencing court has been given significance in previous sentence appeals. *See Good v. State, supra*, 590 P.2d at 423; *Marsden v. State, supra*; and *Brown v. State, supra*. While we do not rule that Wire has waived this issue by failing to raise it below, we do note that the issue of whether the court was under a duty to act *sua sponte* to obtain additional information is significantly different than the question whether the court would have been required to obtain or consider such information upon timely request.

7.  The psychiatric report which was considered by the court was unequivocal in concluding that Wire suffers from an "explosive personality" and that he constitutes a danger. The report alluded to the unavailability of Wire's prior hospital records only in dealing with the issue of his *prognosis*, noting that accurate prognosis would be facilitated if additional records were available. Given the justifiable reliance placed by the sentencing court on Wire's prior criminal record, on his past failure to deal realistically with his emotional and alcohol problem, on the aggravated circumstances surrounding this offense, and on the need to deter Wire and other potential offenders, an alteration in Wire's sentence would not be called for even if his prior hospital records indicated an optimistic prognosis.

8.  In imposing sentence, the court specifically recommended that Wire be provided both psychiatric treatment and alcohol rehabilitation therapy. Such a recommendation is both appropriate and adequate under the circumstances. *See Notaro v. State*, 608 P.2d 769 (Alaska 1980); *Good v. State, supra*, 590 P.2d at 424–25.

tion before the court at the time of Wire's sentencing was adequate, and we can see no benefit in remanding this case for consideration of additional psychiatric data.[9]

The sentence imposed by the superior court is AFFIRMED.

**9.** *Cf. Stevens v. State*, 514 P.2d 3 (Alaska 1973).