**Andrew KAGAK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5228.**

Supreme Court of Alaska.

March 13, 1981.

---

Mary E. Greene, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

1. AS 11.15.150 provides:

*Shooting, stabbing or cutting with intent to kill, wound or maim.* A person who maliciously shoots, stabs, cuts, or shoots at another person with intent to kill, wound, or maim him is punishable by imprisonment in the penitentiary for not more than 20 years nor less than one year.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

Andrew Kagak was convicted of one count of assault with a dangerous weapon in violation of AS 11.15.220 and one count of shooting with intent to wound in violation of AS 11.15.150.[1] While on a drinking binge he had brandished a loaded 12 gauge shotgun at a young girl, threatened to kill her, and then shot another person in the shoulder at point blank range.

Kagak was twenty-five years of age at the time of sentencing. He was sentenced to a five year term of imprisonment on the assault with a dangerous weapon count and a fifteen year term of imprisonment on the shooting with intent to wound count, the sentences to be served concurrently. He appeals only the latter sentence.

Kagak claims that the fifteen year sentence for shooting with intent to wound is excessive. Specifically, he contends that a fifteen year sentence is more appropriate for shooting with intent to kill than shooting with intent to wound. He further argues that the sentence is more appropriate to a manslaughter charge and is excessive when compared to other sentences this court has approved for AS 11.15.150 violations.

This court made it clear in *Creer v. State*, 600 P.2d 1095 (Alaska 1979) that comparison between sentences for a particular offense is not determinative. "Sentencing must be based on the facts of the particular offense involved and the history of the individual defendant."[2] Further, whether Kagak intended to kill the victim

2. *Creer v. State*, 600 P.2d 1095, 1095–96 (Alaska 1979). *See Bell v. State*, 598 P.2d 908 (Alaska 1979); *Padie v. State*, 594 P.2d 50 (Alaska 1979); *Johnson v. State*, 580 P.2d 700 (Alaska 1978); *Ames v. State*, 533 P.2d 246 (Alaska 1975); *Nicholas v. State*, 477 P.2d 447 (Alaska 1970).

and only wounded him, or intended to wound him and did so are not iron-clad categories each meriting a different range of sentences. AS 11.15.150 is a legislative determination that all forms of intentionally placing another's life in extreme danger are to be sanctioned by providing for a potential twenty year sentence. Here, extreme danger clearly existed.

 Kagak had previously been convicted of an armed robbery. During the latter stages of the commission of that offense he had aimed a loaded pistol at a police officer and pulled the trigger, but the pistol misfired. At the time of the commission of the present crimes Kagak had been out of jail for the prior offense only five months.[3]

In view of the seriousness of Kagak's actions, and the nature of his prior crime, we do not regard the sentence to be clearly mistaken.[4]

AFFIRMED.

---

3. The judge stated that he considered Kagak as a worst offender for this offense. Looking at Kagak's conduct and his prior record we cannot say this determination was clearly mistaken. *Wilson v. State*, 582 P.2d 154, 156–57 (Alaska 1978).

4. *McClain v. State*, 519 P.2d 811 (Alaska 1974). We have considered Kagak's other claims and find them without merit.