**Vernon Hall JONES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1588.**

Supreme Court of Alaska.

June 18, 1973.

Dick L. Madson, Asst. Public Defender, Fairbanks, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Robert B. Downes, Asst. Dist. Atty., Monroe N. Clayton, Dist. Atty., Fairbanks, John E. Havelock Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

PER CURIAM.

Appellant was indicted for the sale of heroin in violation of AS 17.10.010. It appears that he was approached by a police informer who desired to purchase some heroin. Appellant obtained the drug from a seller, and sold it to the informer, thus acting as a "middleman" or agent of the police informer. The indictment was later amended to charge merely possession of heroin, and to this lesser offense appellant pleaded guilty. He received a sentence of eight years, with four years suspended, appellant to be on probation during the suspended period. This appeal is taken on the ground that the sentence is excessive.

At the time of sentencing, the prosecutor recommended that imposition of sentence be suspended for three years in view of appellant's age, his cooperation with police authorities, and other facts bearing upon an appropriate sentence. Defense counsel agreed with the recommendation. The probation officer recommended a four-year suspended imposition of sentence with the condition that two years actually be served.

In imposing the sentence of eight years, with four years suspended, the superior court appears to have been confused as to the maximum permissible sentence:

"This Court regularly has for the sale of hard narcotics considered sentences in terms of ten and twelve and fifteen years as falling only mid-way or less than the statutory penalty that is described by the Legislature, which shows what that body of public officials seem to think of hard narcotics, I have in the past, in possession, brought that down substantially but nothing in the order of the recommendations made here."

The court may have been referring to the maximum penalty for violation of AS 17.12.010 (possession or control for purposes of sale of depressant, hallucinogenic and stimulant drugs) which carries a maximum penalty of 25 years. Under AS 17.-10.200, however, appellant's conviction for violation of AS 17.10.010 carries a maximum penalty of only 10 years. Thus, the court may have thought it was imposing less than half the maximum when in fact appellant received a sentence approaching the upper limit.

We have affirmed strong sentences for drug offenders in such cases as Waters v. State, 483 P.2d 199 (Alaska 1971), and Meyers v. State, 488 P.2d 713 (Alaska 1971). However, the violations and conducts of the defendants in those cases were much more serious than in the one before us.

Appellant was 18 at the time he committed this offense. It appears that he was not addicted to drugs, and that he cooperated with law enforcement authorities in the prosecution of other drug offenders in the Fairbanks area. At the time of sentence, appellant's prospects for reformation were very good.

In view of defendant's youth, cooperation with the authorities, non-addiction, good prospects for rehabilitation, first offender status, the recommendations of both the prosecutor and the probation officer, and the trial court's apparent confusion as to the maximum possible sentence, we believe that a lesser sentence was warranted.

We reverse and remand for the imposition of a new sentence in accordance with this opinion.

FITZGERALD, J., not participating.