**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack NUNN, Defendant-Appellant.**

**No. 75–1544.**

United States Court of Appeals, Fifth Circuit.

March 5, 1976.

Gerald H. Goldstein, Ernest J. Altgelt, III, San Antonio, Tex., for defendant-appellant.

John Clark, U. S. Atty., W. Ray Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(5 Cir., 1976, 525 F.2d 958).

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

RIVES, Circuit Judge (specially concurring):

While I concur in the denial of rehearing, I do suggest that the case of *Poteet v. Fauver,* 517 F.2d 393 (3d Cir. 1975),[1] does not sustain the point for which it is cited. *Poteet* has little, if any, relevance to the question of whether a sentencing judge may consider his own belief that the defendant perjured himself at the trial in appraising the character of the defendant and in determining the length of his sentence, which is one of the questions here involved. The question involved in *Poteet* was the propriety *vel non* of the sentencing judge's increasing the length of the sentence because of the failure or refusal of the defendant to admit his guilt *at the time of sentencing or allocution.* The Third Circuit in *Poteet* relied strongly upon *Thomas v. United States,* 368 F.2d 941 (5th Cir. 1966).[2] The fact that Judge Gee has recently written for this Court relying upon *Thomas* and holding it improper for the judge at sentencing to put pressure on defendants to confess,[3] shows that the majority does not mean to set a course which would depart from *Thomas.* Indeed, an examination of Shepard's Citations reveals several other cases both from the Fifth Circuit and from other Circuits which have approved the holding of *Thomas.* I agree with the opinion and decision of the Third Circuit in *Poteet.* I specially concur to express my view that *Thomas* and *Poteet* are clearly distinguishable from the case at bar.

1. See footnote 4 to the majority opinion on original hearing.

2. See 517 F.2d at 396.

3. See *United States v. Rodriguez,* 498 F.2d 302, 312, 313 (5th Cir. 1974).