**Walter TOMMY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2697.**

Supreme Court of Alaska.

June 25, 1976.

Mark E. Ashburn, Asst. Public Defender, Fairbanks, for appellant.

Natalie K. Finn, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

CONNOR, Justice.

This is a sentence appeal. Walter Tommy was sentenced to two concurrent ten-year terms of imprisonment after he pleaded guilty to two counts of grand larceny.[1] It appears that he had been spending the evening of November 24, 1974 looking after his niece and nephew in their home while their parents were away. Tommy became intoxicated and stole two rifles. Although he remembers little of the evening's events, he suggests that he may have been going to pawn the rifles. Tom-

---

1. He had also been charged with two counts of Assault with a Dangerous Weapon for waving a rifle at children and firing it. These counts were dismissed as a result of the plea process, and Tommy has denied his guilt in connection with them. The sentencing judge properly made no mention of them during sentencing, since they cannot properly be consid-

ered. *Smith v. State*, 531 P.2d 1273, 1277 (Alaska 1975). It is noted, however, that nothing in the record on appeal indicates that the appellant objected to the contents of the report. Hence, under our holding in *Robinson v. State*, 492 P.2d 106, 107 (Alaska 1971), Tommy waived his right to object to the report.

my does not appear to be a "worst offender"[2] based only on the facts of this conviction. But the trial judge concluded that his record indicates little likelihood of improvement, in light of his history of antisocial behavior. *See Waters v. State,* 483 P.2d 199, 201–02 (Alaska 1971).

■ In *State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975), we held that two of the factors to be considered in characterizing a defendant as a "worst type of offender" are (1) prior criminal convictions, and (2) behavior which has been considered to demonstrate an antisocial nature or dangerous propensities which pose a clear risk to the public. On appeal we must consider the information on which a sentence was based, as well as the mere length of the sentence involved. *State v. Chaney,* 477 P.2d 441, 443 (Alaska 1970).[3]

Tommy was only 23 years old when he was sentenced, but had been convicted of 24 charges on 19 occasions since 1969, excluding the present offense. These include assault with a dangerous weapon when he stabbed a man in a bar fight; two counts of assault and battery when he escaped from custody, assaulted correctional and police officers with a knife and had to be shot in the leg before he was subdued; possession of a firearm while under the influence of liquor; and three offenses committed after the present offense (joyriding, unauthorized entry, disorderly conduct). As to the present offense, he did not appear for the original sentence hearing, and had to be apprehended. Although this is only his second felony conviction, the trial court found from the above rec-

ord that Tommy has a propensity for violence. Most or all of Tommy's offenses appear to be alcohol related; appellant's brief itself indicates that Tommy is subject to "an addiction to alcohol". The pre-sentence report indicates that alcohol rehabilitation therapy is "entirely inappropriate for the defendant since he has no incentive to correct his behavior." However, the basis of this conclusion is unclear to us.

■ Tommy's parents were divorced when he was three years old as a result of drinking problems. In 1969 Tommy was adjudged a delinquent minor. Recommendations were made at that time that Tommy receive either psychiatric help or counseling. The presentence report of March 20, 1972 recognized Tommy's drinking problem, and mentioned that a Fairbanks Native Association (F.N.A.) counselor recommended a program of individual therapy, group therapy, or psychotherapy. Despite these recommendations, the only psychiatric counseling appearing in the record was received during April of 1975, subsequent to his commission of the present offense. Thus we find that the sentencing judge should at least have had the benefit of a current psychological evaluation before finding rehabilitation therapy "inappropriate". We have previously indicated the importance of such evaluations, particularly before sentencing youthful offenders to lengthy periods of incarceration.[4] We express no opinion as to whether the length of term imposed was appropriate.

Accordingly, we remand this case to the superior court, with directions to have a

---

2. It should be noted that ten years is the maximum sentence for grand larceny. We have previously held that in general a maximum sentence should not be imposed without some foundation for characterizing a defendant as the worst type of offender. *Donlun v. State,* 527 P.2d 472, 475 (Alaska 1974); *Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971).

3. In *Chaney* we said:
   "We are also obliged to consider the manner in which the sentence was imposed, includ-

ing the sufficiency and accuracy of the information upon which it was based." 477 P.2d at 443. (Footnote omitted.)

4. *See Hawthorne v. State,* 501 P.2d 155, 158 (Alaska 1972). *See also Davenport v. State,* 543 P.2d 1204, 1211 (Alaska 1975); *Robinson v. State,* 484 P.2d 686, 690 (Alaska 1971); *but cf. Newsom v. State,* 512 P.2d 557, 562–63 (Alaska 1973); *see also* Model Penal Code § 7.07(3) and (4).

thorough psychological evaluation performed on Tommy. Within 30 days from receiving the last of any such evaluative reports the court shall take whatever action it may find advisable, and may either order that its previous sentence shall remain in effect, or modify it.

We do not retain further jurisdiction of this appeal. If Tommy desires further review of the action of the superior court, he may bring a new sentence appeal within 30 days from the entry of the new sentencing order or judgment pursuant to the remand of this case.