Glen E. HORTON, Appellant,

v.

STATE of Alaska, Appellee.

No. 3359.

Supreme Court of Alaska.

Oct. 28, 1977.

Robert Coats, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Richard J. Ray, Asst. Dist. Atty. and Harry L. Davis, Dist. Atty., Fairbanks, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

This is a sentence appeal.

Glen Horton pleaded nolo contendere to the offense of receiving and concealing stolen property in violation of AS 11.20.350. The court imposed the statutory maximum sentence of three years imprisonment, with a provision that Horton not be eligible for parole until at least one-half of his sentence is completed.

Horton was 37 years old at the time of sentencing. He had three previous felony convictions. It appears that he suffers from an inability to handle alcohol.

On appeal it is contended that the court should not have (1) pronounced Horton to be one of the worst type of offenders within his class, (2) set the eligibility for parole at one-half of the sentence imposed, and (3) sentenced Horton without benefit of psychological examinations.

Upon our review of the record we are unable to conclude that the trial court's sentence was clearly mistaken.[1] At the sentencing, the trial court reviewed Horton's extensive criminal record and personal background. This record provided the proper foundation to support the trial court's characterization of Horton as one of the worst type offenders within his class. *State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975); *Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971).

The trial court was empowered to fix Horton's parole eligibility at one-half of the sentence imposed. Under AS 33.15.-230(a)(1), as amended in 1974, the sentencing judge may:

"designate . . . a minimum term at the expiration of which the prisoner is eligible for parole, which term shall be *at least* one-third of the maximum sentence imposed by the court;" (emphasis supplied)

In view of Horton's age, the nature of his present and past transgressions, and his personality and character, *Tommy v. State,* 551 P.2d 179 (Alaska 1976), cited by appellant, is distinguishable. The defendant in *Tommy* was 23 years old when sentenced. Horton was 37. There was no need for psychological evaluation as a prerequisite to imposing sentence.

The sentence is affirmed.

---

1. *See Nicholas v. State,* 477 P.2d 447 (Alaska 1970).