Alphonso CAMPBELL, Appellant,

v.

STATE of Alaska, Appellee.

No. 4161.

Supreme Court of Alaska.

April 27, 1979.

---

John W. Hagey, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Bill D. Murphree, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

BOOCHEVER, Justice.

Alphonso Campbell, found guilty of burglary not in a dwelling in violation of AS 11.20.100,[1] appeals his sentence of five years with two suspended on the grounds that it is excessive.

Campbell was apprehended January 1, 1978 behind a Fairbanks store by an officer responding to an activated burglary alarm at the store. After placing Campbell[2] under arrest, the officer searched him, finding a bag of nickels and a $20.00 bill. Further investigation by the officer revealed that a cigarette machine had been broken into, and that a $20.00 bill left in the silent alarm money clip inside the store's cash register was missing. Total damage, including the broken windows, amounted to about $400.00.

Appellant testified during his jury trial, and was convicted of the crime charged. His testimony was that he had not entered the building, and that the bag of nickels had been planted on him by the officer.

At sentencing, Campbell was nineteen. He had a prior adult record of one disorderly conduct conviction, for which he had been fined $75.00 with $25.00 suspended. He had a juvenile record beginning with two burglary and larceny charges in 1973, for which he was adjudicated a delinquent minor and sent to Turning Point Boys Ranch, where he remained for two years. After his release, Campbell admitted to a petition alleging possession of stolen property and of dangerous drugs and was placed in a program at Alaska Psychiatric Institute. He was placed on probation which terminated on November 8, 1976, two months after his eighteenth birthday. The State of Oregon had notified Alaska that it had a warrant outstanding for Campbell on a burglary charge.

Campbell's parents were divorced when he was an infant, and his mother subsequently remarried twice. Campbell was raised by several relatives, both in Oregon and in Alaska. His only employment had been a short job as a busboy for an Anchorage hotel.

---

1. AS 11.20.100 provides:

    *Burglary not in dwelling house.* A person who breaks and enters a building within the curtilage of a dwelling house but not forming a part of it, or who breaks and enters a building or part of it, or a booth, tent, railway car, vessel, boat, or other structure or erection in which property is kept, with intent to steal or to commit a felony in it, is guilty of burglary, and upon conviction is punishable by imprisonment in the penitentiary for not less than two nor more than five years.

2. Campbell at first identified himself as Bartholomew Allen, and he was not identified as Campbell until he was recognized at the Fairbanks Correctional Center.

Appellant argues that the sentence was excessive in that the court imposed the maximum of five years [3] and then suspended two years. He also claims that the court gave improper weight to Campbell's lack of an admission of guilt because the time for a merit appeal had not lapsed; that the court should have had before it a current psychiatric evaluation; and that the court erred in its belief that Campbell had been charged with the instant offense only a few months after his eighteenth birthday.[4]

■■■ Our decisions reveal two kinds of sentence review cases. When the issue is whether the sentence was excessive, we defer to the sentencing court's discretion and will disapprove a sentence only if it is "clearly mistaken." *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).[5] When the issue is whether the sentencing court was acting under an incorrect legal assumption, we review for error.[6] In these cases, the clearly mistaken standard is inappropriate because it presupposes the sentencing court's discretion was informed by awareness of correct legal standards.

■■ It is contended that the trial court gave improper weight and an inappropriate interpretation to Campbell's lack of admission of guilt, particularly because the time for filing a merit appeal had not expired. In sentencing Campbell, Judge Blair stated:

He's only 19 years of age now. Has not made an admission. His story, on the witness stand, was—I'll be charitable as I can be—incredible. Because of his lack of admission, and his stout denial, even today, that he committed the offense, in light of what was—as overwhelming evidence as I've ever seen in a case of this nature, have to say that his current attitude and progress is poor.

It thus appears that the court was not considering a mere failure to admit guilt, but the untruthfulness of the defendant and his repeated denial that he committed the offense despite overwhelming evidence

---

3. *See* note 1 *supra.*

4. The court said:

Considering whether or not rehabilitation is a probability, the track record we have so far indicates that it's a possibility, but not a probability. Can't say very many things about the fact that this is Mr. Campbell's first felony conviction, because it occurred three and a half months after he became old enough to be convicted of a felony. He got right in there and convicted a felony just about as soon as he could have . . . . .

. . . . .

In reality, it was a year and four months between Campbell's eighteenth birthday and his arrest for charges concerned in the present case.

5. *See Sumabat v. State,* 580 P.2d 323, 325 (Alaska 1978); *State v. Abraham,* 566 P.2d 267, 270–71 (Alaska 1977); *Amidon v. State,* 565 P.2d 1248, 1263 (Alaska 1977); *Price v. State,* 565 P.2d 858, 862 (Alaska 1977); *Salazar v. State,* 562 P.2d 694, 696 (Alaska 1977); *Cleary v. State,* 548 P.2d 952, 954 (Alaska 1976). In these cases, where we found sentences impermissibly excessive or lenient, the sentencing court gave incorrect weight to the goals of sentencing, *see State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970), given the nature of the offense, the character of the offender and the need to protect society.

6. In some cases, the sentencing court lacked statutory authority to impose a sentence, *see, e. g., Franzen v. State,* 573 P.2d 55, 56–57 (Alaska 1978); *Jackson v. State,* 541 P.2d 23, 25–26 (Alaska 1975); or a sentence offended constitutional protections against double jeopardy, *see, e. g., Black v. State,* 569 P.2d 804, 805 (Alaska 1977); *McCracken v. State,* 521 P.2d 499, 511–12 (Alaska 1974); *Robinson v. State,* 484 P.2d 686, 687–88 (Alaska 1971). In others, the sentencing court failed to consider a legally permissible alternative, *see, e. g., Gonzales v. State,* 521 P.2d 512, 515 (Alaska), *cert. denied,* 419 U.S. 868, 95 S.Ct. 125, 42 L.Ed.2d 106 (1974) (sentencing judge considered itself bound by a mandatory minimum sentence that had been repealed); *Speas v. State,* 511 P.2d 130, 133–34 (Alaska 1973) (same); or considered a factor that should have had no legal consequence, *see, e. g., Galaktionoff v. State,* 486 P.2d 919, 923–24 (Alaska 1971) (sentencing judge's belief that defendant was guilty of more serious offenses than charged); *Waters v. State,* 483 P.2d 199, 203 (Alaska 1971) (acts charged in an indictment, which is later dismissed, are not evidence of guilty conduct and are not to be relied on by sentencing judge). To gain modification of a sentence, the defendant must, of course, show that the impermissible factor had significance in the court's sentencing decision.

to the contrary. We believe that Campbell's contentions are properly disposed of by our decision in *Fox v. State,* 569 P.2d 1335, 1338 (Alaska 1977), wherein we stated:

> In sentencing Fox the court stated its belief that Fox had perjured himself at trial, and also its belief that the jury reached the same conclusion. The sentencing judge may take into account his belief that the defendant committed perjury at trial. *United States v. Nunn,* 525 F.2d 958, 960 (5th Cir. 1976); *United States v. Hendrix,* 505 F.2d 1233, 1235–37 (2d Cir. 1974), *cert. denied,* 423 U.S. 897, 96 S.Ct. 199, 46 L.Ed.2d 130 (1975). *Meyers v. State,* 488 P.2d 713 (Alaska 1971). This is to be distinguished from the rule that a sentence may not be augmented because a defendant refuses to confess or invokes his privilege against self-incrimination. *United States v. Garcia,* 544 F.2d 681 (3d Cir. 1976); *United States v. Acosta,* 509 F.2d 539 (5th Cir.) (en banc), *cert. denied,* 423 U.S. 891, 96 S.Ct. 188, 46 L.Ed.2d 122 (1975). *See Nunn, supra,* 527 F.2d 1390 (opinion concurring in denial of rehearing). [footnote omitted] [7]

The sentencing court had for its consideration psychiatric evaluations of Campbell, the most recent of which was over two years old at the time of sentencing. We have discussed the advisability of psychological evaluation in *Andrews v. State,* 552 P.2d 150, 154 (Alaska 1976); *Tommy v. State,* 551 P.2d 179, 180–81 (Alaska 1976); *Davenport v. State,* 543 P.2d 1204, 1211 (Alaska 1975). Each is distinguishable from this case. In *Andrews,* a young first offender, found guilty of embezzlement, was sentenced to ten years imprisonment with five suspended without the benefit of any psychiatric report. In *Tommy,* the court imposed two concurrent ten year sentences upon a plea of guilty to two counts of grand larceny, a sentence much more severe than the sentence involved in this case. The defendant's offense was alcohol-related indicating the need for a more current psychiatric report than the one available to the judge which was over one year old. It is not alleged that Campbell's offenses were alcohol related. *Davenport* involved the sentencing of a twenty-two year old defendant to twenty years' imprisonment without benefit of a psychiatric evaluation.

■■ Generally, we believe that a sentencing judge should have the benefit of a reasonably current psychiatric evaluation before sentencing a young offender to a lengthy term of imprisonment, but as we said in *Adams v. State,* 521 P.2d 516, 518–19 (Alaska 1974):

> An adequate psychiatric evaluation at the time of sentencing is extremely helpful to the sentencing judge. That is not to say, however, that a psychiatric evaluation is indispensable or necessary. . . . [8]
>
> . . . . .
>
> . . . Thus, we do not find the absence of a pre-sentence report and a psychiatric evaluation to be a legitimate ground for vacating the sentences imposed in the case at bar.

In view of the nature of the offense and the reports available to the judge, we do not find it error not to have requested an additional examination.

■ We find that the trial court's error in estimating the time lapse between Campbell's eighteenth birthday and his arrest in the instant case was not material to the sentence imposed.

■ Appellant raises as a final issue in his sentence appeal the claim that racial bias was a factor in his sentencing. Campbell, who is black, supports this issue only

---

7. Similarly, in *Christian v. State,* 513 P.2d 664, 670 (Alaska 1973), we stated that "the offender's unwillingness to accept criminal responsibility can and should be taken into account by the sentencing court."

8. *Quoting Newsom v. State,* 512 P.2d 557, 562 (Alaska 1973).

with a reference to the recent report of the Alaska Judicial Council that black persons convicted of burglary, larceny and receiving stolen property tend to receive significantly higher sentences than persons of other races.[9]

While this court is mindful of the results of the Judicial Council report and sensitive to the issues regarding racial disparity in sentencing, we are unable to consider a claim of racial bias without some specific allegations that this particular defendant was denied a fair sentencing procedure or received an inordinately higher sentence because of his race. Here, counsel merely cited the Judicial Council study without giving any indication that Campbell's sentence was probably higher than that which would have been imposed upon a defendant of a different race with a like criminal history who committed a similar offense.

In imposing sentence, the court carefully considered the criteria set forth in *State v. Chaney,* 477 P.2d 441 (Alaska 1970). In determining whether a sentence is excessive, we defer to the sentencing court's discretion and will disapprove the sentence only if it is clearly mistaken.[10] We hold that the trial court was not clearly mistaken in imposing Campbell's sentence.

AFFIRMED.

---

**9.** Alaska Judicial Council, Findings Regarding Possible Racial Impact in Sentencing, Table VII–4 (Sept. 6, 1978).

**10.** *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).